IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § | Case No. 09-42658-705 |
| | § | |
| **Charles L. Verity and Jerri A. Verity,** | § | Chapter 7 |
| | § | |
| Debtors. | § | [Related to Doc. #56] |

**AMENDED[*] ORDER OVERRULING THE OBJECTION TO THE APPLICATION TO EMPLOY MR. PONDER [DOCKET #19]; CONTINUING THE APPLICATION TO EMPLOY MR. PONDER [DOCKET #15]; DENYING THE MOTION FOR SANCTIONS [DOCKET #20]; DENYING THE MOTION TO STRIKE [DOCKET #43]; CONTINUING THE MOTION FOR STAY RELIEF [DOCKET #35]; GRANTING THE APPLICATION TO EMPLOY MS. KRAMER [DOCKET #50]; AND DIRECTING MS. KRAMER TO SURRENDER PROPERTY OF THE ESTATE UPON REQUEST OF THE TRUSTEE**

On March 26, 2009, the Debtors filed a joint petition for relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-referenced bankruptcy case (the "Case"). On May 21, 2009, the chapter 7 trustee (the "Trustee") filed an Application to Employ J. Michael Ponder as Attorney for the Trustee (the "Application to Employ Mr. Ponder") [Docket #15], accompanied by an Affidavit in support [Docket #16]. In the Application to Employ Mr. Ponder, the Trustee requests that the Court authorize him to hire Mr. Ponder as special counsel to the Trustee, for the limited purpose of evaluating and pursuing the estate's rights and remedies arising from a prepetition personal injury claim (the "Personal Injury Claim") of the Debtors. On May 26, 2009, Joyce Kramer ("Ms. Kramer"), an attorney retained prepetition by the now-Debtors to represent them in the Personal Injury Claim, filed a Response to the Application (the "Objection") [Docket #19], along with a Motion for Sanctions (the "Motion for Sanctions")

---

[*]The only substantive modification to the original Order [Docket #56] made by this Amended Order is the insertion of the word "not" on Page 4, Line 5, as described in the Order of Clarification [Docket #58].

[Docket #20]. On June 8, 2009, creditor St. Anthony's Medical Center filed a Motion for Relief from the Stay (the "Motion for Stay Relief") [Docket #35]. On June 15, 2009, Ms. Kramer filed a Motion to Strike [Docket #41], requesting that the Court strike the Motion for Stay Relief. On July 1, 2009, the Application to Employ Mr. Ponder, the Motion for Sanctions, the Motion for Stay Relief, and the Motion to Strike came for hearing before the Court, and were continued.

On July 7, 2009, the Trustee filed an Application to Employ Joyce Kramer (the "Application to Employ Ms. Kramer") [Docket #50] and an Affidavit in support [Docket #50]. No objections were filed to this Application. Upon consideration of the representations made in the pleadings and at the July 1 hearing, and the applicable law, the Court disposes of the following currently pending pleadings and issues in this Case, as set forth below.

### I. THE OBJECTION TO THE APPLICATION TO EMPLOY MR. PONDER

Joyce Kramer ("Ms. Kramer") is an attorney who was retained prepetition by the now-Debtors to represent them on a contingency-fee basis. The contract to engage Ms. Kramer provided that she would be entitled to 33-1/3 percent of any settlement and 40 percent of any verdict recovery on the Personal Injury Claim. As of the Petition Date, any rights and interests of the Debtors in the Personal Injury Claim became property of the estate, and now are the responsibility of the Trustee to administer or abandon. On May 21, 2009, the Trustee filed the Application to Employ Mr. Ponder, proposing to hire Mr. Ponder to serve as special counsel to handle the Personal Injury Claim on a contingency basis, by which Mr. Ponder would be paid 40 percent of any recovery to the estate.

Ms. Kramer objected to the Application to Employ Mr. Ponder on the ground that Mr. Ponder's employment would not be in the best interest of the estate. She argues that, if

Mr. Ponder is employed, "the creditors will then pay both the 40% fee of attorney Ponder and the lien fees of attorney Kramer, whereas if attorney Kramer is allowed to continue [as the attorney in the Personal Injury Case], more funds will be available to creditors as [the Debtors have] not claimed an exemption in the personal injury action under [*In re*] *Mitchell*[, 73 B.R. 93 (Bankr. W.D. Mo. 1987)].[[1]]"[2]  Ms. Kramer's objection fails.

The argument that employing Mr. Ponder would result in less funds available to the creditors of the estate mistakenly presumes that this Court would approve payments based on double-billing. Mr. Ponder's contingency fee necessarily would be reduced by whatever amount Ms. Kramer could establish that, under the doctrine of quantum meruit, she is owed for services rendered prepetition. Mr. Ponder would not be entitled to recover fees that were earned by another attorney. The estate would not suffer by paying two attorneys for services provided by one.

Additionally, Ms. Kramer's argument strikes this Court as a poorly cloaked attempt by Ms. Kramer essentially to extort her own employment from the estate. By Ms. Kramer's argument, not only would the employment of Mr. Ponder fail to be in the best interests of

---

[1]*In re Mitchell* was appealed to the Eighth Circuit, where the Circuit Court affirmed the bankruptcy court in a one-word table decision that, under the Eighth Circuit's rules, had no precedential effect.  See *In re Mitchell*, 855 F.2d 859 (Table) (8th Cir. 1988). *In re Mitchell*'s precedential effect is as an opinion from the U.S. Bankruptcy Court of the Eastern District of Missouri.

[2]The Court notes that Ms. Kramer's invocation of *In re Mitchell* misleadingly suggests that the Debtors could have asserted a personal injury claim exemption, but chose not to do so.  This is not correct; no such exemption is available.  Until recently, *In re Mitchell* stood for the proposition that there is a non-statutory personal injury action exemption under Missouri law. However, the Eighth Circuit held in *In re Benn*, 491 F.3d 811 (8th Cir. 2007), that if a type of exemption is not codified in the Missouri opt-out statute, no such exemption is available.

the estate, but so would the employment of *any attorney other than Ms. Kramer*. If the Court were to adopt Ms. Kramer's theory, a trustee would be hamstrung, forced to hire the attorney who had been retained prepetition *by the debtor* to represent *the debtor*–regardless of whether the trustee believes that counsel to be the best attorney to represent *him*. The Court will not adopt a position that permits a trustee to be bullied into hiring an attorney who he otherwise might not have chosen, because such attorney is pointing a litigation gun at the trustee's head and threatening to pull the objection trigger if the trustee attempts to hire any other counsel.

For these reasons, the Court **ORDERS** that the Objection to the Application to Employ Mr. Ponder be **OVERRULED**.

## II.  THE APPLICATION TO EMPLOY MR. PONDER

At the July 1 hearing, the Trustee–in an apparent effort to resolve some of the contentiousness–agreed to employ Ms. Kramer for a six-week period, during which time she would represent the Trustee in his efforts to reach a settlement on the Personal Injury Claim.[3] Consistent with this, the Trustee filed an Application to Employ Ms. Kramer, to which no objections have been filed. However, the Trustee did not withdraw his Application to Employ Mr. Ponder. Therefore, the Court **ORDERS** that the Application to Employ Mr. Ponder be **CONTINUED** and heard upon subsequent order of the Court.

## III. THE MOTION FOR SANCTIONS

Ms. Kramer requests that the Court sanction the Trustee for his failure to serve Ms.

---

[3] At the expiration of this six-week period, Ms. Kramer's employment will be terminated unless her further employment is requested by the Trustee and approved by the Court.

Kramer with a copy of the Application to Employ Mr. Ponder. She seeks sanctions under Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011"), which is adopted for bankruptcy law purposes from the Federal Rule of Civil Procedure 11. Rule 9011 is not a general sanctions provision, but is a rule designed to prevent and punish abusive or otherwise frivolous filings. Sanctions are available under Rule 9011 only upon a showing that Rule 9011(b) was violated. Rule 9011(b) provides that by presenting a pleading to the Court, the attorney represents to the best of his belief that such pleading, among other things, is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 9011(b)(1). If a filing does not satisfy Rule 9011(b), the Court may find that Rule 9011 has been violated. However, the failure to provide service–even if such failure of proper service was done with the intent to deprive a party with knowledge of the pleading–is not a Rule 9011 violation because it does not involve a *presentation to the court*. This is not to say that such behavior is not sanctionable; but it is not a matter of the presentation of an abusive or frivolous filing. Moreover, even if a failure of service may be an act sanctionable under Rule 9011, the Court is not persuaded that the failure here was committed with an improper purpose. Accordingly, the Court **FINDS** that the Trustee did not commit an act in violation of the Rule 9011, **HOLDS** that it is not proper to sanction the Trustee under Rule 9011, and **ORDERS** that the Motion for Sanctions be **DENIED**. Mrs. Kramer is cautioned that seeking relief under Rule 9011 is a serious matter; it should not be requested without significant forethought by the movant and consideration as to whether the complained-of act truly may constitute a Rule 9011 violation.

### IV.  THE MOTION TO STRIKE

Ms. Kramer seeks to strike the Motion for Stay Relief because the document contains spacing and line disruptions.  However, the irregularities are not so disruptive as to make the document's content unreadable or indecipherable.  Although not ideally printed, the document does not rise to the level of being "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)(setting forth the grounds for striking a document).  The Court **ORDERS** that the Motion to Strike be **DENIED**.  And, again, Ms. Kramer is strongly encouraged not to cry wolf and to reserve requests for extraordinary forms of relief to those circumstances that genuinely warrant such remediation.

### V.  THE MOTION FOR STAY RELIEF

For the reasons set forth on the record at the July 1 hearing, the Court **ORDERS** the Motion for Stay Relief be **CONTINUED**.

### VI.  THE MOTION TO EMPLOY MS. KRAMER

In his Motion to Employ Ms. Kramer, the Trustee seeks to employ Ms. Kramer–a person  asserting a prepetition claim and therefore a person who may have an interest adverse to the estate–as special counsel to the Trustee, for the limited purpose of representation related to the Personal Injury Claim.  Although Bankruptcy Code § 327(a) provides that attorneys employed by the trustee ordinarily may not hold an interest adverse to the estate, Bankruptcy Code § 327(e) carves out an exception to that prohibition.  The trustee may employ "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of

the estate, and if such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).  The facts here satisfy the elements of this exception.  Ms. Kramer would be employed for a specified special purpose.  Her employment is in the best interest of the estate (as represented by the Trustee and as evidenced by no objections to the request).  And, while Ms. Kramer may hold an interest adverse to the estate in terms of the issue of the existence and amount of a possible claim based on her prepetition services, this is not an interest adverse in the context of the Personal Injury Claim.  Accordingly, the Court **FINDS** that Ms. Kramer is qualified to be employed as requested in the Application, **HOLDS** that approving the Application is proper, and **ORDERS** that the Application be **APPROVED** as follows:

> (A)   Ms. Kramer will be employed on a contingency fee basis and for a limited period to expire on August 12, 2009; if the Personal Injury Claim is not settled by that date, the Trustee may terminate Ms. Kramer's employment or may request authority to continue Ms. Kramer's employment;
>
> (B)   if the Personal Injury Claim is settled by August 12, 2009, Ms. Kramer may request the payment of a postpetition administrative expense in the amount 33-1/3 percent of that settlement, but she may not assert a prepetition claim against the estate based on the doctrine of quantum meruit;
>
> (C)   if the Personal Injury Claim is not settled by August 12, 2009 and the Trustee chooses to terminate Ms. Kramer, and the Personal Injury Claim ultimately is settled or a judgment in favor of the Trustee is obtained, Ms. Kramer may assert a prepetition claim for legal services, based on the doctrine of

quantum meruit; she also may request the payment of an administrative expense claim for legal services provided postpetition, based on the doctrine of quantum meruit; however, nothing herein shall serve as a finding of fact related to the value of any such prepetition claim or postpetition administrative expense; the burden will be on Ms. Kramer to establish that she provided services and the value of those services, and (as to the postpetition-rendered services) that they benefitted the estate; and

(D)  if the Trustee chooses to terminate Ms. Kramer and the Personal Injury Claim ultimately is not resolved successfully (that is, there is no settlement or judgment in favor of the Trustee), Ms. Kramer will not have a prepetition claim or an administrative expense related to legal services she provided; if the underlying contingency never comes to pass, Ms. Kramer is not entitled to any recovery, regardless of the fact that she was discharged. *See, e.g., International Materials Corp. v. Sun Corporation, Inc.*, 824 S.W.2d 890, 895 (Mo. 1992)(citing *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 59-60 (Mo. banc 1982), and noting that the law "limits the quantum meruit recovery of attorneys employed under a contingent fee contract who are discharged without cause before settlement or judgment, but who have rendered valuable services to the reasonable value of the services rendered, not to exceed the contracted amount, and payable only upon occurrence of the contingency.").

### VII.  SURRENDER OF THE DEBTORS' CLIENT FILES

Regardless of the fact that the Court now authorizes Ms. Kramer to be employed by

the Trustee, and regardless of whether Ms. Kramer's employment by the Trustee is continued beyond August 12, 2009, Ms. Kramer is obligated to turn over any and all client files she may possess or control related to the Personal Injury Claim. Such documents are property of the estate, and will be produced and surrendered timely to the Trustee upon his reasonable request. Ms. Kramer's claim of an attorney's retaining lien as a result of her prepetition services does not effect this obligation.

DATED: July 27, 2009　　　　　　　　　　CHARLES E. RENDLEN, III
St. Louis, Missouri　　　　　　　　　　　　United States Bankruptcy Judge
mtc

Marie Guerrier Allen
11500 Olive Blvd., Ste. 128
Creve Coeur, MO 63141

Tom K. O'Loughlin
O'Loughlin, O'Loughlin et al.
1736 N. Kingshighway
Cape Girardeau, MO 63701

Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102